drove his motor truck loaded with gravel across a bridge in the town of Glen, the bridge gave way, his truck and he were precipitated to the bed of the stream and he suffered the injuries complained of. There was evidence tending to show that he had been warned that the bridge was unsafe for a heavy load.

*Edward L. Robertson* for appellant.

*Christopher J. Heffernan* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts, on opinion of VAN KIRK, J., below.

Concur: CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: HISCOCK, Ch. J.

---

THOMAS DWYER, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

*Contract — action for breach of contract whereby plaintiff was to erect elevated railroad stations — failure of defendant to complete preliminary structure on which stations were to be placed.*

*Dwyer* v. *Interborough R. T. Co.*, 209 App. Div. 807, affirmed.

(Argued December 15, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 9, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover for breach of contract, by the terms of which plaintiff agreed to erect three stations on the Webster avenue elevated railroad of defendant within five months after notice from defendant's engineer to commence work. On January 9, 1918, plaintiff received the said notice but defendant failed to erect the steel structure on which the stations were to be placed and at no time during the five months following said notice was such structure erected so that plaintiff could build the stations as provided in the contract.

*Henry J. Smith, Frederick G. Watson* and *James L. Quackenbush* for appellant.

*M. Carl Levine* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

ABIGAIL H. BISHOP, Respondent, *v.* THE NEW YORK TIMES COMPANY, Appellant.

*Libel — evidence — admissibility of testimony showing shunning and avoidance of plaintiff by her child after reading article.*

*Bishop* v. *New York Times Co.*, 214 App. Div. 723, affirmed.

(Argued December 16, 1925; decided January 12, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 29, 1925, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict. The action was for libel. (See 233 N. Y. 446.) The question on this appeal was whether evidence tending to show that the reading of the article in question by a child of the plaintiff had resulted in the child's shunning and avoiding the plaintiff was admissible as proof of damage.

*Emil Goldmark, Alfred A. Cook* and *John M. Greenfield* for appellant.

*Stanley C. Fowler* and *Ralph O. L. Fay* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE TRAVELERS INSURANCE COMPANY, Appellant, *v.* PEET & POWERS, Respondent.

*Negligence — action by insurance carrier to recover for death of workman through fire in factory caused by negligence of employee of defendant in letting fall ladder so as to strike and break bottle containing chemical solution.*

*Travelers Ins. Co.* v. *Peet & Powers*, 212 App. Div. 814, affirmed.

(Argued December 16, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial